KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Jack A. Hazan, Esq. (JH-3833)

Attorneys for Schultze Asset Management, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| **Levitz Home Furnishings, Inc.,** *et al.,* : | |
| : | Case No. 05-45189 (BRL) |
| Debtors. : | |
| : | Jointly Administered |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### SUBMISSION OF QUALIFIED BID AND OBJECTION OF SCHULTZE ASSET MANAGEMENT, LLC TO DEBTORS PROPOSED SALE OF ASSETS

TO:   THE HONORABLE BURTON R. LIFLAND,
      THE UNITED STATES BANKRUPTCY JUDGE:

Schultze Asset Management, LLC ("Schultze"), a holder of $10.5 million of the above captioned Debtors' $130 million principal outstanding 12.5% Senior Secured Class A and Class B Notes on behalf of its clients, hereby submits a bid for the purchase of substantially all of the assets (the "Assets") of Levitz Home Furnishings, Inc. ("LHFI") and its subsidiaries (collectively with LHFI, "Levitz" or the "Debtors"), and this objection to the proposed sale to PLVTZ, LLC (an affiliate of Prentice Capital Management, LP) and the Pride Capital Group, LLC (Collectively, "Prentice").

**OBJECTION**

1.   Schultze submitted a bid on behalf of its clients on November 25, 2005 for the purchase of the Debtors' Assets pursuant to the Bidding Procedures approved by this Court

on November 22, 2005. The Debtors chose the bid submitted by Prentice as the "baseline bid" for the auction held on November 30, 2005.

2. At the auction, Schultze submitted a competing bid that matched the terms of the Prentice bid, including $5 million of cash in lieu of Prentice's credit bid of $5 million against the amount owed to Prentice under its existing DIP facility <u>plus an additional $1 million cash</u>. The Debtors did not accept the bid as a Qualified Bid at the auction, claiming that it was subject to Schultze's obtaining continued asset-based financing from General Electric Capital Corporation ("GECC") for the outstanding $38 million balance under the GECC DIP facility. Schultze had indicated to the Debtors at the auction that it was confident that if provided a reasonable amount of time, it would be able to reach terms with GECC. It was not possible to negotiate those terms in advance of the auction because GECC was locked into a deal with Prentice. In fact, as GECC stated in its Reply filed earlier today, GECC had indicated to Schultze that if Prentice did not emerge as the successful bidder it would consider providing funding to Schultze as a successful bidder.

3. While the Debtors did not accept Schultze's bid at the auction, it did agree to extend the auction for approximately one day and asked Schultze to submit a $5 million refundable cash deposit to continue the auction. Schultze had offered to provide a credit against its bond holdings as a deposit, which was a form of deposit contemplated under the Court-approved Bidding Procedures and the same form of deposit as submitted by Prentice. The Debtors did not accept Schultze's proposed deposit. Knowing that the Debtors would not accept a bid contingent on GECC's continued financing, and not having had sufficient time to firm up replacement financing from another source, Schultze chose not to make the requested cash deposit at that time.

4.     However, since the auction, Schultze has continued to work with potential strategic partners and financing sources and late in the day today, Schultze obtained a commitment, subject to due diligence, for financing to replace the GECC facility.  Based on this commitment, Schultze will wire the requested $5 million refundable deposit to its counsel Kramer Levin upon the open of business on December 6, 2005.  Schultze will authorize Kramer Levin to release the deposit to Debtors' counsel upon the acceptance of its bid by the Debtors or upon the re-opening of the auction by this Court.  Schultze's bid is unquestionably a higher bid than Prentice's bid and clearly will lead to a greater recovery to creditors.

5.     In light of the objections to the proposed Prentice sale filed by numerous parties, including the Ad Hoc Committee of Senior Secured Noteholders and U.S. Bank National Association (which Schultze hereby joins), and in light of the tight timeframe that has been thrust upon this bidding process by Prentice and the Debtors, Schultze requests that either (a) the Debtors accept Schultze's bid as a qualified bid and re-open the auction, or (b) that the Court re-open the auction and allow parties sufficient time to finalize their diligence and negotiations with potential financing sources so that the estates can obtain the best possible result for creditors.

6.     The Debtors have put this process on a very tight schedule which inherently has worked to the advantage of Prentice – who is a current DIP lender with close day-to-day access to information.  In fact, Prentice's bid, which provides for the assumption of various administrative liabilities, is a structure that was not proposed from the outset and competing bidders without Prentice's access could not possibly have evaluated each of those elements in the short timeframes provided.  Further it has not been made clear to creditors why the Debtors are putting themselves in such a tight cash position by delaying the start of GOB sales while the process is ongoing.  Opening up the process and providing other parties,

3

including Schultze with an opportunity to fully participate will likely yield substantial benefits to creditors.

7. Based on the foregoing, Schultze respectfully requests that the Court deny approval of the sale, provide parties, including Schultze, with sufficient time to properly bid for these substantial assets and provide for such other relief as the Court deems fair and equitable.

Dated: New York, New York
December 5, 2005

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Jack A. Hazan
Jack A. Hazan (JH-3833)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Attorneys for Schultze Asset Management, LLC

4

KL2:2422246.4